UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RONALD SATISH EMRIT, a/k/a President Candidate Number P60005535, *et al.*, | ) ) ) ) | |
| Plaintiff, | ) | No.: 3:25-CV-496-TAV-DCP |
| | ) | |
| v. | ) ) | |
| ERIN BURNETT OUTFRONT OF CABLE NEWS NETWORK (CNN), *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER & REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Complaint [Doc. 1] and his Application to Proceed In Forma Pauperis With Supporting Documentation ("Application") [Doc. 2]. For the reasons more fully stated below, the undersigned **GRANTS** Plaintiff's Application [**Doc. 2**] but **RECOMMENDS** that the District Judge **DISMISS** the Complaint [**Doc. 1**].

## I.    DETERMINATION ABOUT THE FILING FEE

Plaintiff has filed an Application [Doc. 1] with the required detailing of his financial condition. Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an application to proceed without paying the administrative costs of the lawsuit is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned

solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). To proceed without paying the administrative costs, the plaintiff must show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding in the manner of a pauper, or in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed without paying the administrative costs is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339.

The Court finds the Application is sufficient to demonstrate that Plaintiff has little income and few assets. Considering Plaintiff's Application, it appears to the Court that his economic status is such that he cannot afford to pay for the costs of litigation and still pay for the necessities of life. The Court will allow Plaintiff to proceed in the manner of a pauper. The Court **DIRECTS** the Clerk to file the Complaint in this case without payment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II.      RECOMMENDATION AFTER SCREENING OF THE COMPLAINT

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. § 1915(e)(2); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999).[1] Courts also have a continuing duty to ensure

---

[1]      Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status. *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A.  However, the district court must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

that jurisdiction exists to hear the case. *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." (citations omitted)). To survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where a plaintiff is proceeding *pro se*, courts are to liberally construe the complaint and hold it to a less stringent standard than a formal pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

### A.    Summary of the Complaint

On October 9, 2025, Plaintiff filed a lawsuit naming Erin Burnett Outfront of Cable News (CNN) ("Burnett"), Jason Carroll ("Carroll"), Andrew Kaczynski of K-File ("Kaczynski"), Manu Raju ("Raju"), Dr. Sanjay Gupta ("Dr. Gupta"), Jake Tapper, ("Tapper"), Lawrence O'Donnell of The Last Word on MSNBC ("O'Donnell"), BMW Cars of North America ("BMW"), Barry Levine of National Enquirer ("Levine"), and Nancy Mace of South Carolina (Congresswoman) ("Mace") as defendants [Doc. 1 p. 1].[2]

He requests "0 dollars and only look[s] for the equitable remedy of an injunction and/or declaratory judgment pursuant to Rules 65 and 57 of Federal Rules of Civil Procedure (FRCP) regarding the commission of certain dignitary torts of defamation and false light of President

---

[2]    Plaintiff Emrit identifies another Plaintiff in the caption of his Complaint: "Presidential Committee/Political Action Committee/Separate Segregated Fund (SSF) Number C00569897 d/b/a United Emrits of America" [Doc. 1 p. 1]. He does not provide any information about this Plaintiff [*See id.* at 1–8]. To the extent this entity exists, it cannot proceed without an attorney. *See Hilton I. Hale & Assocs., LLC v. Gaebler*, No. 2:10-CV-920, 2011 WL 308275, at *1 (S.D. Ohio Jan. 28, 2011) (explaining that all artificial entities must have representation).

Donald John Trump and William Jefferson Clinton for publishing false, libelous, and slanderous materials about both William Jefferson[]Clinton and Donald John [T]rump as being friends and perhaps business partners or clients of Jeffrey Epstein and Ghislain Maxwell" [*Id.* at 1–2].

Plaintiff's "Statement of Facts" is unclear and the alleged facts do not appear to have connection to any of the seven stated causes of action he lists as "Counts" [*Id.* at 6–11]. For example, Plaintiff submits that "the Central Intelligence Agency (CIA) desperately latches onto CNN as its propaganda outlet;" the administration of President Trump is currently investigating various people, including John Brennan, former CIA Director, John Bolton, former National Security Advisor, Letitia James, Attorney General of the state of New York, Lisa Cook, Federal Reserve Bank board member, Beyonce Knowles, Oprah Winfrey, President Barack Obama [*Id.* at 6]. He further states that he is a "democrat for Trump" and that he is "both Catholic and African-American" [*Id.* at 6–7]. Plaintiff asserts that the "CIA utilizes commercials on CNN and with BMW to communicate meaningless and annoying subliminal messages to [him]" and that the CIA is "insecure about the fact that he got married to Sabine Jules in 2002 while [he] was being racially-profiled by the Bush Administration as being Arabic and Muslim when he is clearly a Catholic black man" [*Id.* at 8]. He also includes some vague assertions about traveling to Cuba once to visit a friend, which he alleges is confirmed through his lawsuit last year against the Republic of Cuba, and that he communicates through email and mail with various United States Embassies [*Id.* at 8–9]. Plaintiff lists various social media and other websites such as Pinterest, YouTube, and Wikipedia throughout his "Statement of Facts." [*Id.* 6–10].[3]

---

[3]     While not in his "Statement of Facts," Plaintiff also submits that approximately 10 years ago, "[he] heard Erin Burnett of CNN say that she thinks Riley Curry is 'annoying'" [*Id.* at 2]. Plaintiff asks that the Court "take judicial notice that Riley Curry is the first daughter of Steph and Ayeshia Curry" and states that because he "was a fan of Steph and Ayeshia Curry . . . [he] was

4

As previously noted, Plaintiff has divided his claims into seven "Counts," none of which are related to the purported factual allegations. For instance, Plaintiff argues that "[t]he defendants have been particularly negligent in protecting valuable programs such as Medicaid and Medicare from the 'Crazy MAGA Republicans' in Congress" [*Id.* at 10]. Plaintiff also contends that "[t]he [D]efendants are interfering with the [P]laintiff's business relations/contracts by not offering him a job or position of employment at any of the Maryland colleges or universities as a disabled professor of entertainment law" [*Id.*]. Plaintiff further asserts that "[t]he [D]efendants are interfering with the [P]laintiff's family relationships by not providing him with a Section 8 housing voucher (HCV) Based off of the Fair Housing Act (FHA) and Americans with Disabilities Act of 1990 (ADA)" and are "committing the intentional infliction of emotional distress" [*Id.* at 11]. Plaintiff alleges negligence, tortious interference with business relations, tortious interference with family relations, intentional infliction of emotional distress, and violations of the Equal Protection clause, substantive and procedural due process, and the privileges and immunities clause [*Id.* at 10–11]. Plaintiff seeks various injunctions [*Id.* at 12–13].

---

offended that a journalist on CNN would refer to a black or African-American child as being 'annoying'" [*Id.*]. Accordingly, "[P]laintiff believed at the time and perhaps believes now that Erin Burnett of CNN is racist against black children such as Riley Curry" and notes that he has "the freedom of speech to criticize Erin Burnett as a public figure as a journalist" [*Id.*]. Plaintiff submits that he "could file a complaint about Erin Burnett's racist comments towards Riley Curry as being annoying to Federal Communications Commission (FCC), Better Business Bureau (BBB), and/or Federal Trade Commission (FTC)," but "thinks it is more effective to file a lawsuit complaint and the[n] provide a copy of that complaint and/or judgment to the above-referenced agencies" [*Id.* at 2–3]. Plaintiff highlights that he "is not seeking punitive, compensatory, and/or treble damages as the statute of limitations may have run out on such a claim and could be an affirmative defense notwithstanding the fact that [he] argues the statute of limitations should be equitably tolled and/or extended given the egregious nature of the racist and condescending comments by [Burnett]" [*Id.* at 3].

Plaintiff asks that "[i]f the issue of venue and/or forum non conveniens is relevant, the [P]laintiff respectfully requests that this case not be transferred to USA District Court of Maryland pursuant to 28 U.S.C. Section 1406 to have this case presided over by the 'Abrego Garcia judges' who have been on the wrong side of due process and habeas corpus rights in which USA Supreme Court at One First Street, NE Washington, DC 20543 said that the return of Abrego Garcia must [be] facilitated by the current administration" [*Id.* at 13]. At the time Plaintiff filed this action, he resided in Bowie, Maryland [*Id.* at 4].

## B.      Screening of the Complaint

Plaintiff's Complaint suffers from several deficiencies. First, Plaintiff alleges no facts to exercise personal jurisdiction over Defendants. "When conducting a screening pursuant to 28 U.S.C. § 1915(e)(2), it is appropriate for the Court to consider whether it has personal jurisdiction over the defendants in the action and whether venue is proper." *Smith v. White*, No. 121CV00190, 2022 WL 2708762, at *1 (E.D. Tenn. June 21, 2022) (citations omitted), *report and recommendation adopted*, No. 1:21-CV-190, 2022 WL 2706157 (E.D. Tenn. July 12, 2022)). As part of the screening process, "a court may dismiss an action without prejudice if it has no personal jurisdiction over the defendant." *Id.* (citation omitted). "A plaintiff bears the burden of establishing that a court may properly exercise jurisdiction over a defendant." *Bulso v. O'Shea*, 730 F. App'x 347, 349 (6th Cir. 2018) (citation omitted). To assert personal jurisdiction, "a defendant generally must have certain 'minimum contacts' with the forum state." *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 283 (2014)). Exercising personal jurisdiction over a defendant must comport with due process. *Id.* As the United States Sixth Circuit Court of Appeals has explained:

> To satisfy due process, the plaintiff must show that (1) the

defendants purposefully availed themselves of the privilege of acting in the forum state, (2) the cause of action arises from the defendants' activities in the forum state, and (3) the defendants' acts or consequences "have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant[s] reasonable."

*Id.* (quoting *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 680 (6th Cir. 2012)) (alteration in original).

Here, Plaintiff has pleaded no facts demonstrating that the cause of action arises from Defendants' activities in Tennessee or that Defendants' acts or consequences have a substantial connection to Tennessee. The undersigned therefore finds that the Court lacks personal jurisdiction over Defendants.[4]

Second, even if there were jurisdiction, venue is not proper. Under 28 U.S.C. § 1391:

A civil action may be brought in--

(1)    a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Because there are no allegations that Defendants reside in this judicial district

---

[4]    "When a plaintiff seeking IFP status files a complaint lacking any allegations supporting personal jurisdiction over the defendants, a district court may dismiss the case sua sponte or, in the alternative, find that the action should be transferred to a district where personal jurisdiction might exist." *Jackson v. Rosenburg*, No. CV 19-2329, 2019 WL 6702702, at *2 (D. Minn. Oct. 25, 2019) (citations omitted), *report and recommendation adopted*, No. CV 19-2329, 2019 WL 6698427 (D. Minn. Dec. 6, 2019). The undersigned recommends dismissal sua sponte, *see* part II section C.

and Plaintiff does not allege that a substantial part of the events or omissions giving rise to his claims occurred in this judicial district, the undersigned finds that venue in this Court is improper.

Third, the undersigned finds that Plaintiff's Complaint is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). Even construing Plaintiff's Complaint liberally, it does not meet basic pleading requirements or state a claim upon which relief may be granted.

As previously noted, Plaintiff's allegations are completely disconnected from the relief he seeks. His purported "Statement of Facts" fail to establish any plausible basis for liability against any Defendant. Plaintiff alleges Defendants violated the Equal Protection Clause, Due Process Clause, and Privileges and Immunities Clause, and also asserts claims for tortious interference with business relations and family relations, as well as intentional infliction of emotional distress, for failing to provide him with a Section 8 housing application [Doc. 1 p. 10]. Yet, Plaintiff fails to state any details that would support these causes of action in his Complaint and does not allege that any of these Defendants had any authority to act on a Section 8 housing application. Plaintiff also asserts a claim of negligence, arguing that "[t]he [D]efendants have been particularly negligent in protecting valuable programs such as Medicaid and Medicare from the 'Crazy MAGA Republicans' in Congress" [*Id.* at 10]. Again, the Court fails to find anything alleged in his Complaint connecting this claim to any of the named Defendants.

Further, to the extent that Plaintiff seeks to allege defamation claims on behalf of others, as reflected in his request for declaratory judgment and preliminary injunctions against Burnett and CNN, he lacks standing to do so. *See Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (stating that plaintiffs must rest their claims for relief on their own legal rights, not those of a third party). The alleged defamation of third parties is not an injury that affects Plaintiff in a "personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (holding that to have standing

Case 3:25-cv-00496-TAV-DCP   Document 12   Filed 04/28/26   Page 8 of 12   PageID #: 53

to bring a claim, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."). Plaintiff has failed to allege a personalized injury traceable to the actions of any Defendant.

Accordingly, because Plaintiff's claims lack any arguable basis in fact or law, they are frivolous and may be dismissed. *See Denton*, 504 U.S. at 32–33.

**C.      Amending the Complaint**

The Court has considered whether to allow Plaintiff to amend his Complaint but declines to do so. The Court notes that Plaintiff's litigiousness is well documented. Most recently, it was noted in the Eastern District of New York that as of November 2025, "Plaintiff has filed over one thousand cases in the federal courts across the country." *Presidential Candidate No. P60005535 v. Burnett*, No. 25-CV-2873, 2025 WL 3268247, at *3 (E.D.N.Y. Nov. 4, 2025). Plaintiff "is a classic example of a litigant who abuses the privilege of proceeding IFP." *Emrit v. Experian, Inc.*, No. 18-cv-311-BAS-AGS, No. 3, at *2 (S.D. Cal. Mar. 5, 2018). Plaintiff has filed "over two hundred civil cases and appeals in the federal court system," *id.*, and has been sanctioned by the Western District of Texas, determining that he "abuses the in forma pauperis process and clogs the federal district courts with meritless litigation." *See Emrit v. Nat'l Academy of Recording Arts & Sciences*, No. 1:14-cv-00392-SS, 2015 WL 518774, at *4 (W.D. Tex. Feb. 5, 2015) (listing cases). Plaintiff has also been barred from filing suits without leave of court in at least three federal district courts. *See Emrit v. Ctrs. for Medicare & Medicaid Servs. (CMS)*, No. 2:14-cv-1761-GMN-PAL, 2016 WL 164992 (D. Nev. Jan. 14, 2016); *Emrit v. Na'l Academy of Recording Arts & Sciences*, 2015 WL 518774, at *4; *Emrit v. Time Warner, Inc.*, No. 1:14-cv-00314-LAP, ECF No. 13 (S.D.N.Y. May 16, 2014).

Plaintiff's similar vexatious litigation tactics are reflected here. One district court noted that "[t]he [C]omplaint in this case is one of roughly a dozen virtually identical complaints filed by [Plaintiff] in various districts across the country during the first half of November 2025." *Emrit v. Burnett*, No. CV 25-189, 2025 WL 4067026, at *2 (D. Mont. Nov. 25, 2025). *See, e.g.*, *Presidential Candidate Number P6005535 v. Burnett*, No. 2:25-CV-02146, 2025 WL 3758673 (W.D. Ark. Dec. 5, 2025); *Presidential Candidate Number P6005535 v. Burnett*, No. 1:25-cv-00191, 2026 WL 912777 (E.D. Mo. Apr. 2, 2026); *Emrit v. Burnett*, No. 1:25-cv-00988, 2025 WL 3111012 (D.N.M. Nov. 6, 2026); *Presidential Candidate Number P60005535 v. Burnett*, No. 25-CV-2688, 2025 WL 3141495 (S.D. Cal. Nov. 10, 2025); *Presidential Candidate Number P60005535 v. Burnett*, No. 25-cv-450, 2025 WL 3521317 (D.N.H. Nov. 17, 2025); *Presidential Candidate Number P60005535 v. Burnett*, No. 2:25-cv-04258, 2025 WL 3290078 (W.D. Mo. Nov. 10, 2025); *Presidential Candidate Number P60005535 v. Burnett*, No. 25-189, 2026 WL 163001 (D. Mont. Jan. 20, 2026); *Presidential Candidate Number P60005535 v. Burnett*, No. 1:25-cv-259, 2025 WL 3725356 (D.N.D. Nov. 13, 2025); *Emrit v. Burnett*, No. 25-cv-03568, 2025 WL 352748 (D. Colo. Nov. 12, 2025); *Emrit v. Burnett*, No. 3:25-cv-05915, 2025 WL 3129178 (W.D. Wash. Nov. 7, 2025); *Presidential Candidate Number P60005535 v. Burnett*, No. 25-CV-2873, 2025 WL 3268247 (E.D.N.Y. Nov. 24, 2025).

Accordingly, the Court finds justice does not require granting him an opportunity to amend.

The Court recognizes that with this submission, Plaintiff has filed five complaints within the past three years—two of which the Court dismissed sua sponte for failure to state a claim and one that the Court transferred. *Emrit v. The Grammys Awards on CBS*, No. 1:23-cv-205 [Doc. 9] (E.D. Tenn. Dec. 8, 2023) (dismissing Plaintiff's case for failure to state a claim and warning that further frivolous filings will result in sanctions); *Emrit v. Musk*, No. 3:25-cv-7 [Doc. 14] (E.D.

10

Tenn. April 30, 2025); *Emrit v. U.S. Pat. & Trademark Off.*, No. 3:25-cv-412 [Doc. 8] (E.D. Tenn. Sept. 8, 2025) (transferring to the East District of Louisianna). The Court notes that Plaintiff has already been warned "that further frivolous filings . . . in this district will result in sanctions, including filing restrictions." *Emrit v. The Grammys Awards on CBS*, No. 1:23-cv-205 [Doc. 9 p. 2] (E.D. Tenn. Dec. 8, 2023). The Court has the inherent authority to enjoin individuals who have abused the legal process. Although courts cannot absolutely foreclose litigants from seeking to initiate an action in a court of the United States, courts may "require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed." *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). The Sixth Circuit has held that this "is the proper method for handling the complaints of prolific litigators, and the procedure does not violate the first amendment." *Filipas v. Lemons*, 935 F.2d 1145, 1146 (6th Cir. 1987). Given that Plaintiff has previously received warning about further frivolous filings, the undersigned finds it appropriate to recommend that the District Judge issue an injunction against Plaintiff.

## III. CONCLUSION

For the reasons explained above, the undersigned **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 2**]. The Court **DIRECTS** the Clerk to file the Complaint in this case without prepayment; however, no process shall issue until the District Judge has ruled upon this Report and Recommendation,[5] because the undersigned

---

[5] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

**RECOMMENDS** that the Complaint [**Doc. 1**] be **DISMISSED** in its entirety.[6]

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[6] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).